UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-372 (NEB/DLM) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| KEITH LAMAR GARRETT, JR., | |
| Defendant. | |

Defendant Keith Lamar Garrett, Jr. was charged with several firearm and drug-related offenses. (ECF No. 13.) Garrett moved to dismiss the firearm-related counts and to suppress evidence obtained during a search warrant. (ECF Nos. 23–24.) He also requested a *Franks* hearing. (ECF No. 27.) In a Report and Recommendation, United States Magistrate Judge Douglas L. Micko recommends denying Garrett's motions. (ECF No. 34 ("R&R").) Garrett objects. (ECF No. 35.) After a *de novo* review, the Court overrules Garrett's objection and accepts the R&R.

## BACKGROUND

In October 2023, Agent Justin Bowman began surveilling a St. Paul apartment building where he suspected that Garrett was selling drugs. (ECF No. 26-1 at 5–6; ECF No. 27-1 at 1.) Agent Bowman eventually obtained a key from the building's management and entered the building. (ECF No. 26-1 at 6.) He then called Agent Simo Peinovich, who brought his "canine partner 'Doc' to check the area in the apartment building hallway that included

several doors on the same floor for the presence of a narcotic odor." (*Id.*) The dog "alerted"

Agent Peinovich to a narcotic odor "at the threshold of" Garrett's girlfriend's apartment.

(*Id.*) Agent then applied for a warrant and submitted an affidavit that stated:

> Agent Peinovich allowed his canine partner "Doc" to check the area in the
> apartment building hallway that included several doors on the same floor
> for the presence of a narcotic odor. After their investigation was complete,
> Agent Peinovich advised your affiant that "Doc alerted to the presence of a
> narcotic odor at the threshold of apartment number [XXX]."

(*Id.*)

A state-court judge issued a search warrant. (*Id.* at 9–11.) The next day, officers

executed the warrant, discovering two firearms and 200 fentanyl pills in the apartment. (*Id.*

at 13, 15–18.) Garrett was then indicted based in part on the evidence obtained during the

search. (*See* ECF No. 13.)

A few months later, the government disclosed a "deployment report" related to the

drug dog sniff of the apartment. (ECF No. 27-1.) Agent Peinovich wrote:

> Prior to arriving at the level where the target door was located, I had Doc
> check 6 doors prior to the target door with no indication. When Doc got to
> [the target door] I indicated to the door seam of the apartment. Doc showed
> a clear behavior change, sourcing the odor to the apartment door seam and
> showing his final indication (a sit) at the door seam.

(*Id.* at 1–2.)

Garrett moved to dismiss the firearm-related counts (ECF No. 23) and to suppress

evidence obtained from the search warrant of the apartment. (ECF No. 24.) He also

requested a *Franks* hearing. (ECF No. 27.) Judge Micko recommends denying each motion.

(R&R at 16.)

## ANALYSIS

The Court reviews the portions of the R&R to which Garrett objects *de novo*. 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3); D. Minn. LR 72.2(b)(3).

### I.     Motion to Dismiss

Garrett moves to dismiss firearm-related counts in the indictment, which are based

on the felon-in-possession law, 18 U.S.C. § 922 (g)(1), arguing that the charges violate his

Second Amendment right to keep and bear arms. Garrett relies on the Supreme Court's

decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which held that

a firearm regulation may be upheld only if it is "consistent with this Nation's historical

tradition." *Id.* at 17. Applying that analysis, the Eighth Circuit held that the felon-in-

possession law is constitutional as applied to defendants like Garrett. *United States v. Jackson*,

69 F.4th 495, 505–06 (8th Cir. 2023). Because Garrett's argument is foreclosed by Eighth

Circuit precedent, the Court overrules his objection and denies the motion to dismiss Counts

1, 2, and 4.

### II.     Motion to Suppress Evidence

Garrett moves to suppress evidence obtained by the search warrant, arguing that the

warrant lacked probable cause because the drug dog sniff was unconstitutional.

### A.     Standing

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. But the "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Minnesota v. Olson*, 495 U.S. 91, 95 (1990) (citation omitted). An overnight guest has a reasonable expectation of privacy in their host's home, *id.* at 100, but a temporary guest does not. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). Garrett falls in the former category. The warrant affidavit itself states that Garrett was "staying" with his girlfriend at the apartment. (ECF No. 26-1 at 6.) It also describes at least two times when Garrett drove his car back to the apartment after allegedly selling drugs at a nearby hotel. (*Id.* at 5.) Thus, because Garrett had a reasonable expectation of privacy in the apartment, he has standing to challenge the search.

### B.     Probable Cause

The Fourth Amendment requires that probable cause be shown before a judge authorizes a search warrant. U.S. Const. amend. IV; *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). Probable cause exists when there are "sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (citation omitted).

Garrett contends that the warrantless drug dog sniff was unconstitutional and without the dog's positive alert, there was no probable cause for the warrant. The Eighth Circuit squarely rejected that argument in *United States v. Scott*, 610 F.3d 1009 (8th Cir. 2010). A few years later, the Supreme Court held that a sniff of a door on the porch of a house is a search. *Florida v. Jardines*, 569 U.S. 1, 9 (2013). Since *Jardines*, the Eighth Circuit has "neither expressly overruled *Scott* nor explained how *Jardines* applies to apartment doors in a common hallway." *United States v. Perez*, 46 F.4th 691, 697–98 (8th Cir. 2022). Thus, *Scott* remains binding Eighth Circuit law. Because the dog sniff was not a search, it was constitutional. The dog's positive alert therefore provided probable cause for the search warrant.

And, as Judge Micko noted, even if the search warrant lacked probable cause, suppression would not be warranted under the good faith exception to the exclusionary rule. Under that exception, searches "conducted in objectively reasonable reliance on binding appellate precedent" are not subject to the exclusionary rule. *Davis v. United States*, 564 U.S. 229, 232 (2011). Here, it was reasonable for the officer executing the search warrant of the apartment to rely on Eighth Circuit precedent authorizing drug dog sniffs of apartment doors. *Perez*, 46 F.4th at 698. Because the officer's search was supported by probable cause and objectively reasonable, Garrett's motion to suppress is denied.

### III.   *Franks* **Hearing**

Garrett also requests a *Franks* hearing. To obtain one, Garrett must show that "the warrant's issuing judge relied on statements in an affidavit that were false or were 'omissions made knowingly and intentionally or with reckless disregard for the truth.'" *United States v. Mayweather*, 993 F.3d 1035, 1043 (8th Cir. 2021) (citation omitted). Garrett points to discrepancies between the search warrant affidavit and the deployment report: the warrant affidavit states that Doc sniffed several doors "on the same floor" as the target door before sniffing the target door (ECF No. 26-1 at 6); the deployment report states that Doc sniffed several doors on a different floor before "arriving at the level where the target door was located." (ECF No. 27-1 at 1.)

A discrepancy of the kind presented here is not enough to warrant a *Franks* hearing. The discrepancy must also be "necessary" to the finding of probable cause. *United States v. Engler*, 521 F.3d 965, 969 (8th Cir. 2008). The test sniffs are related to the probable cause determination to the extent that they show that an entire floor of apartments contained a narcotic odor. Yet there is no dispute that Doc gave a positive alert after sniffing the target door and gave no other positive alerts—whether on the same or different floor—after sniffing other doors. And Garrett does not contest that the drug dog and agent were a "certified police narcotic detecting canine team" that had completed more than 100 hours of training. (ECF No. 26-1 at 6); *see Florida v. Harris*, 568 U.S. 237, 246 (2013) ("[E]vidence of a

dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert.").

Garrett also argues that a *Franks* hearing is appropriate because the warrant affidavit omitted the fact that the agent cued Doc to the target door. Even if a dog is generally reliable, "circumstances surrounding a particular alert may undermine the case for probable cause—if, say, the officer cued the dog (consciously or not)." *Harris*, 568 U.S. at 247. The deployment report stated that when Doc reached the target door, the agent "indicated to the door seam of the apartment." (ECF No. 27-1 at 2.) Garrett fails to show how this indication is improper "cuing" under the law. Because the dog sniff was reliable and provided probable cause for the warrant, the motion for a *Franks* hearing is denied.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Defendant Keith Garrett's Objection (ECF No. 35) is OVERRULED;

2.    The Report and Recommendation (ECF No. 34) is ACCEPTED;

3.    Defendant's Motion to Dismiss (ECF No. 23) is DENIED;

4.    Defendant's Motion to Suppress (ECF No. 24) is DENIED; and

5.      Defendant's Supplemental Motion to Suppress (ECF No. 27) is DENIED.

Dated: June 10, 2024                                    BY THE COURT:

                                                        s/Nancy E. Brasel
                                                        Nancy E. Brasel
                                                        United States District Judge